IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| WILLIAM BYER, JR., Personal Representative of the Estate of David C. Lee, Sr., | : <br> : <br> : Case No. 3:01-cv-389 |
| Plaintiff, | : JUDGE WALTER HERBERT RICE |
| vs. | : |
| SCHNEIDER NATIONAL, INC., et al., | : |
| Defendants | : |

DECISION AND ENTRY ADOPTING SPECIAL MASTER REPORT (DOC. #102-1) IN ITS ENTIRETY; OVERRULING DEFENDANTS/CROSS-CLAIMANTS SCHNEIDER NATIONAL, INC. AND RONALD TRACY, JR.'S REFILED OBJECTIONS TO THE SPECIAL MASTER REPORT (DOC. #104); DISMISSING PLAINTIFF'S CLAIMS AGAINST THE VILLAGE OF LEWISBURG, LARRY LEWIS, CLINTON BAUGHMAN, DAN DAMERON, BRUCE ROBBINS, GAINEY TRANSPORTATION SERVICES, INC. AND RICHARD ESTES WITH PREJUDICE; CONFERENCE CALL SET WITH REMAINING PARTIES

Truck driver David C. Lee, Sr., was killed one foggy night when the Dayton Freight truck he was driving was involved in a 13-vehicle collision on Interstate 70 near Lewisburg, Ohio. William Byer, Jr., the personal representative of Lee's estate, filed this wrongful death action against some of the others involved in the collision, and against the Village of Lewisburg, alleging that the Village contributed to the foggy conditions by burning brush and other debris near the highway.

The parties in this case were also involved in extensive litigation in the Montgomery County Court of Common Pleas and the Preble County Court of Common Pleas. Those lawsuits arose out of the same factual circumstances. In

the interest of judicial economy and to avoid the risk of inconsistent outcomes, the parties agreed to have certain issues of liability tried together before the Honorable Michael T. Hall of the Montgomery County Court of Common Pleas.

Accordingly, on November 26, 2007, pursuant to Federal Rule of Civil Procedure 53, the undersigned judge appointed Judge Hall as a Special Master. The parties agreed to waive a jury trial on the issues of nuisance, negligence (including comparative negligence and assumption of risk), direct and proximate causes of the collisions, and defenses. It was agreed that, following a bench trial, Judge Hall would submit his Special Master Report to the undersigned judge. The parties were to have fourteen days to file objections. They agreed that the Special Master's findings of fact would be final and binding and not subject to review. Conclusions of law were to be reviewed *de novo*. Doc. #93.

Judge Hall held a bench trial in March of 2008 and issued a Special Master Report on October 30, 2008. His conclusions were summarized as follows:

> 1) Lewisburg is not liable to any party for injuries, death or loss to persons or property; 2) Rex Finn/Sherwin Williams, Richard Estes/Gainey, and Michael Childress/Ashley were not negligent; (3) David Lee/Dayton Freight was negligent and his negligence was a proximate cause of his collision with Rex Finn/Sherwin Williams; (4) Ronald Tracy/Schneider was negligent and his negligence was a proximate cause of his collision with David Lee/Dayton Freight and Richard Estes/Gainey; 5) Kevin Cates/CRWX was negligent and his negligence was a proximate cause of his collision with Richard Estes/Gainey and Michael Childress/Ashley; (6) and although Suljo Sarajlija/Greer was negligent, his negligence was not a proximate cause of any collision which occurred behind him.

Doc. #102-1, at 29.

2

The Village of Lewisburg filed a copy of the Special Master Report and urged the Court to adopt it as its own. Doc. #102. Only Ronald Tracy and Schneider National, Inc. filed Objections to the Special Master Report. They objected to several of the Special Master's findings of fact and conclusions of law. In response to those Objections, the Village of Lewisburg noted that the parties had expressly agreed that findings of fact would not be subject to review. The Village also argued that Tracy and Schneider had set forth no legal basis for their objections to the conclusions of law. Doc. #107.

Meanwhile, Tracy and Schneider also appealed Judge Hall's decision in the state courts, seeking to overturn his determination that the Village of Lewisburg, Sarajlija/Greer, Finn/Sherwin Williams, Estes/Gainey, and Childress/Ashley were not liable. Before the state courts of appeals reached any decision on the merits of those cases, all of the parties to this suit, with the exception of the Estate of David Lee, participated in a mediation and were able to reach a settlement on September 29, 2010.[1]

---

[1] In a Supplemental Memorandum, Doc. #123, the Village of Lewisburg argues that because the appeals were dismissed, Judge Hall's decision constitutes a final judgment rendered upon the merits, and that Tracy/Schneider's Objections concerning the non-liability of other defendants are barred by the doctrines of *res judicata* and/or collateral estoppel. The Court rejects this argument. As Tracy/Schneider point out, Judge Hall did not consider the issue of damages in the state court cases. Therefore, no final judgment was rendered on the merits. Under these circumstances, the doctrines of *res judicata* and collateral estoppel are inapplicable.

3

In a supplemental filing, Tracy and Schneider admit that this settlement renders moot many of the previously-filed Objections to the Special Master Report, particularly those regarding the non-liability of the other defendants. Doc. #125, at 3. Still at issue, according to Tracy and Schneider, are the Special Master's "finding of liability or damages relative to the Estate of Lee's claims." Doc. #125, at 3.

Tracy and Schneider object to the Special Master's findings that Tracy was traveling in the right lane behind Lee, collided essentially "straight on" with Lee, and that the impact from that collision caused the back end of Tracy's trailer to rotate into the left lane, into the path of Estes/Gainey. Doc. #102-1, at 20. These particular Objections are overruled because, as noted earlier, the parties agreed that the Special Master's findings of fact would not be subject to review.

Tracy and Schneider also object to the Special Master's finding that Tracy violated Ohio Revised Code § 4511.21(A), the Assured Clear Distance statute, and that Tracy's negligence was the proximate cause of the collision with Lee. They maintain that the Special Master erred in failing to apply the "sudden emergency" exception to the Assured Clear Distance statute.[2]

That statute provides in relevant part:

> (A) No person shall operate a motor vehicle . . . at a speed greater or less than is reasonable or proper, having due regard to the traffic,

---

[2] This Court's resolution of the objections to the Special Master's Report was delayed by the Bankruptcy filing of one of the parties. After some period of time, a Relief from the Bankruptcy Stay was granted, allowing this Court to proceed.

4

> surface, and width of the street or highway and any other conditions, and no person shall drive any motor vehicle . . . in and upon any street or highway at a greater speed than will permit the person to bring it to a stop within the assured clear distance ahead.

Ohio Rev. Code § 4511.21(A). Violation of this statute and a finding of negligence *per se* is dependent on evidence that "the driver collided with an object which (1) was ahead of him in his path of travel, (2) was stationary or moving in the same direction as the driver, (3) did not suddenly appear in the driver's path, and (4) was reasonably discernible." *Junge v. Brothers*, 16 Ohio St.3d 1, 3, 475 N.E.2d 477, 479-80 (Ohio 1985).

Ohio courts have held that the Assured Clear Distance statute applies "unless such assured clear distance ahead is suddenly cut down or lessened, without his fault, by the entrance within such clear distance ahead and into his path or line of travel of some obstruction which renders him unable, in the exercise of ordinary care, to avoid colliding therewith." *Smiley v. Arrow Spring Bed Co.*, 138 Ohio St. 81, 88, 33 N.E.2d 3, 7 (Ohio 1941). This is known as the "sudden emergency" exception.

Tracy and Schneider argue that the sudden presence of the heavy fog drastically cut down Tracy's visibility rendering him unable, in the exercise of ordinary care, to avoid colliding with Lee's trailer. They contend, therefore, that the Special Master should have applied the "sudden emergency" exception to absolve them of liability. They further note that the Special Master did apply the "sudden emergency" exception to Estes/Gainey, and argue that there is no logical

5

reason for the distinction.

Upon *de novo* review, the Court finds that the Special Master did not err in failing to apply the "sudden emergency" exception to Tracy and Schneider. The Special Master found that Tracy was traveling in the right lane directly behind Lee. After Lee collided with the Sherwin Williams truck, Tracy slammed straight into the back of Lee's trailer. There is no question that the sudden fog greatly reduced Tracy's visibility on the night in question. Tracy, however, had a duty to maintain an assured clear distance regardless of the weather conditions. In other words, if he could see only five feet in front of him, he had a duty to drive slowly enough to be able to stop within that distance if need be. Implicit in the Special Master Report is a finding that if Tracy had been exercising sufficient caution in light of the heavy fog, Lee's trailer would have been "readily discernible."[3]

The fog obviously made it difficult for Tracy to see Lee's trailer ahead of him. However, the mere presence of the fog did not create a "sudden emergency" absolving Tracy of liability for the collision. In order for the "sudden emergency" exception to apply, the driver's path or line of travel must be suddenly interrupted by some "obstruction," *i.e.*, another vehicle, person or object, that renders the driver, who would otherwise have been able to stop within the assured clear distance, unable to avoid a collision. In this case, Lee did not suddenly enter into

---

[3] Judge Hall noted that Estes and Boyd testified that Tracy "flew by them" in the right lane just before the collision. Doc. #102-1, at 12.

6

Tracy's path of travel. Rather, he was traveling in the same lane directly in front of Tracy. Tracy simply failed to brake in time to avoid a collision. Under these circumstances, the "sudden emergency" exception does not apply.

In contrast, the "sudden emergency" exception does apply to Estes. Estes *was* confronted by an obstruction that suddenly entered into his path of travel. Estes was traveling in the left lane at the time Tracy's truck collided with Lee. The force of that collision caused the back end of Tracy's trailer to swing into the left lane, directly into Estes's path, rendering Estes unable to avoid a collision.

For these reasons, the Court OVERRULES Tracy/Schneider's remaining Objections to the Special Master Report. The Special Master did not err in concluding that Tracy/Schneider violated the Assured Clear Distance statute, or in failing to apply the "sudden emergency" exception. Nor did the Special Master err in concluding that Tracy/Schneider's negligence was the proximate cause of the collision with Lee's trailer.

In a supplemental filing, Doc. #125, Tracy and Schneider maintain that after the Court conducts a *de novo* review of the evidence, it will conclude:

1. That the impact between the Schneider National bobtail and the Dayton Freight trailer was so minimal as to conclude as a matter of fact and law that it could not have caused any injury to Mr. Lee.

2. That Mr. Lee's actions were such that he struck the Sherwin Williams/Rex Finn trailer with such force that he directly and proximately caused his own injuries and death; and

3. That the actions of Mr. Tracy and Schneider were not a proximate cause of any damage to Mr. Lee.

Doc. #125, at 3. In addition, Tracy and Schneider ask the Court to "find that Mr. Lee's actions were the sole cause of his injuries and death and that neither Schneider National, Inc. and [sic] Ronald Tracy, Jr. are liable for any damages relative to the injuries or death of David S. [sic] Lee, Sr." Doc. #125, at 4.

The Court need not, and cannot, address these issues at this juncture. The question of whether the actions of Tracy/Schneider were the proximate cause of Lee's injuries and death was expressly reserved by the parties for trial by jury, and is clearly outside the scope of the Special Master Report.

For the reasons set forth above, the Court OVERRULES Tracy/Schneider's remaining Objections to the Special Master Report, Doc. #104. The Court ADOPTS the Special Master Report, Doc. #102-1, in its entirety.

Based on the legal conclusions of the Special Master regarding negligence and proximate cause of the collisions, all of Plaintiff's claims against the Village of Lewisburg and its employees Larry Lewis, Clinton Baughman, Dan Dameron and Bruce Robbins, and all of Plaintiff's claims against Gainey Transportation Services, Inc. and Richard Estes, are DISMISSED WITH PREJUDICE.[4]

---

[4] Plaintiff's claims against Defendants Kevin Cates and CRWX, Inc. were previously dismissed on March 16, 2010. Doc. #118. In addition, it appears likely that all outstanding cross-claims asserted by and against the defendants in this case were resolved in connection with the settlement reached in state court. If this assumption is incorrect, the parties should notify the Court accordingly.

8

The Court will convene a Conference Call to determine how to proceed with respect to Plaintiff's remaining claims against Tracy and Schneider, beginning at 5:00 p.m. on Thursday, December 22, 2011. If any other counsel believes he or she should participate in this conference call, the Court must be advised no later than the close of business December 20, 2011.

Date: December 9, 2011

WALTER HERBERT RICE
UNITED STATES DISTRICT COURT

Copies to: Counsel of Record